UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MONIQUE NADALE KNOWLES,

    Plaintiff,

v.                                    Case No: 6:12-cv-101-Orl-22TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Richard A. Culbertson's Unopposed Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b). (Doc. 30). Mr. Culbertson is the attorney of record for Plaintiff Monique Nadale Knowles. He represents that he has conferred with the Commissioner of Social Security's counsel, who has no objection to the motion. Upon due consideration, I respectfully recommend the Court GRANT the motion and approve Mr. Culbertson's request for § 406(b) fees in the amount of $2,913.25.

On January 23, 2012, Plaintiff filed a complaint in federal court seeking judicial review of a final decision of the Commissioner of the Social Security Administration. (Doc. 1). She alleged that she had applied for Supplemental Security Income and Disability Insurance Benefits on January 1, 2008, but her claims were denied initially and upon reconsideration. (Tr. 21). She requested a hearing before an ALJ who concluded that she was not disabled. (Tr. 17). Plaintiff appealed the ALJ's decision and on December 13, 2011, the Appeals Council denied his request for review. (Tr. 7-11).

Plaintiff retained Mr. Culbertson as counsel and he filed this action on her behalf. (Docs. 1 and 30-1).

After review, I recommended that the district court enter a final order reversing and remanding the Commissioner's final decision for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 24). The Court adopted my recommendations and entered judgment for Plaintiff. (Docs. 26, 27). The Court subsequently entered an order granting Plaintiff $4,784 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 29).

In further proceedings before the Commissioner, Plaintiff was awarded $54,789 in past due benefits. (Doc. 30 at 2). Her agreement with Mr. Culbertson provides for attorney's fees in the amount of 25% of any past due benefits awarded minus any attorney's fees paid to her under the EAJA. (Id.). Now, Mr. Culbertson seeks a net award of $2,913.25, which represents the amount withheld by the Social Security Administration for the payment of attorneys' fees minus the $4,784 in EAJA fees already paid,[1] and minus $6000, which is the amount already paid for administrative work under § 406(a).[2] See (Id.).

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his client upon remand from federal court may petition the court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). In capping the fee at twenty-five percent, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535

---

[1] See Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271-74 (11th Cir. 2010).
[2] See Paltan v. Comm'r of Soc. Sec., 518 F. App'x 673, 674 (11th Cir. 2013).

U.S. 789, 805 (2002).  "Within the 25% boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  Id. at 807.

Here, the reasonableness of the 406(b) fee request, in light of the fee agreement and the ultimate award of past due benefits, is not in dispute.  See (Doc. 30 at 2).  Therefore, I respectfully recommend that the district judge grant the motion and approve **section 406(b) fees in the amount of $2,913.25**, to be paid out of Plaintiff's past due benefits currently being withheld by the Social Security Administration.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on April 17, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record